IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No. 1:21cr54 (TSE) |
| DMITRIY MININ, | ) The Honorable T.S. Ellis, III |
| Defendant. | ) |

DEFENDANT'S POSITION ON SENTENCING

Comes now Defendant Dmitriy Minin, by counsel, and responds to the PreSentence Report ("PSR") as follows.

The Guideline recommendation need not and in this case, emphatically should not, determine Defendant's sentence.

Defendant's crime, the possession of unregistered firearms (to wit, silencers), is directly attributable to his Post Traumatic Stress Disorder ("PTSD") which, in turn, is directly attributable to his honorable military service.  The PSR reports Defendant's 100% medical disability rating from the VA (PSR at para. 75), his Traumatic Brain Injury incurred in service, PSR at para. 66) and a virtual pharmacy of prescribed medications for PTSD, Anxiety, Depression, Insomnia, Migraines… PSR at para. 67.  What the PSR does not mention is the granular detail with which Defendant described to the PSR's author the repeated attacks to which he was subjected by Muslim terrorists in Nigeria while he served as a member of the Marine Embassy Detachment – bullets spanging off his armored SUV as the terrorists tried to immobilize the vehicle for an attack with Rocket Propelled Grenades.

1

Defendant's PTSD is the very understandable result of these trials and his crime, acquisition of weapons, is a classic manifestation of the anxiety, panic and jumpiness that accompany the disorder.

Defendant has endeavored admirably to secure the treatment he needs to bring his malady under control and avoid future mishaps with the law. See the attached letter from Defendant's DC area VA psychiatrist attesting to the scarcity of therapeutic resources currently available to veterans. See also attached the subsequent letter from the VA in Vermont reflecting that he commenced on the 25th of last month weekly psychotherapy sessions to suffice until regular sessions can be arranged at the DC area VA. Upon information and belief, Defendant has, as of this date, already segued to regular in person therapy at the DC area VA.

## Conclusion

*Booker* has vested sentencing courts with nearly plenary discretion. *United States v. Booker*, 543 U.S. 220, 258-60 (2005). A non Guideline sentence is allowed not only when the Guidelines fail properly to reflect the sentencing considerations delineated in Sec. 3553(a), but also when the Guidelines reflect "unsound judgment" or even when "the case warrants a different sentence regardless." *Rita v. United States,* 551 US 338, 351, 357 (2007). In fact, "the Guidelines are not only not mandatory on sentencing courts, they are not to be presumed reasonable." *Nelson v. United States*, 555 U.S. 350, ___ (2009); *see also, Rita, 551 U.S.* at 350.

The Supreme Court no longer even requires specific mitigating factors to justify a variance below the Guidelines – the district court's subjective disagreement with the Guidelines suffices.

> "[E]ven when a particular defendant… presents
> no special mitigating circumstances – no outstanding
> service to country or community, no unusually
> disadvantaged childhood, no overstated criminal history

2

> score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range… The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines…

*Spears v. United States*, 555 U.S. 261, 263-64 (2009) (*per curiam*) (internal quotations and citations omitted).

Fundamentally, the grounds for a variance are now bounded only by reasonableness.

> "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in Sec. 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.

*United States v Jones*, 460 F. 3d 191 (2nd Cir. 2006).

A sister court in New York is succinct.

> "[T]he Guidelines are no longer a straightjacket binding courts to artificially created and cruel paradoxes of sentencing.

*United States v. Hawkins*, 380 F. Supp. 2d 143, 161 (E.D.N.Y. 2005).

Veterans constitute less than 10% of America's adult population (pewresearch.org). As the PSR notes (PSR at para. 91), the Guidelines expressly envision military service as a basis for downward departure from the recommended sentence range.

The correct sentence for conduct caused by Defendant's military service is Probation.

                                                  Respectfully Submitted,

                                                  DMITRIY MININ
                                                  By Counsel

                                                                           /s/

                                   John C. Kiyonaga
                                   600 Cameron Street
                                   Alexandria, VA 22314
                                   Phone: 703-739-0009
                                   Fax: 703-340-1642
                                   Email: john@johnckiyonaga.com

                                 Counsel for Defendant

<u>Certificate of Electronic Service</u>

    I hereby certify that on November 23, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

                                                    /s/
                                   John C. Kiyonaga