IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:21CR54 |
| | ) | |
| | ) | The Honorable T.S. Ellis, III |
| DMITRIY MININ, | ) | |
| Defendant. | ) | Sentencing:  December 3, 2021 |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Jessica D. Aber, United States

Attorney, and Ronald L. Walutes, Jr., Assistant United States Attorney, and in accord with 18

U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov.

2018), files this Position of the United States with Respect to Sentencing in the instant case.

The United States asks the Court to impose a sentence within the properly calculated Sentencing

Guidelines range of months of incarceration 30 to 37 months**.**   Such a sentence appropriately

accounts for each of the factors set forth in 18 U.S.C. § 3553(a).   This was an early plea and

permitted the allocation of resources to other cases.

**BACKGROUND**

1.   This defendant purchased almost a dozen silencers from China and had them shipped

into the United States with the use of false manifests and then drilling out the tubes for his

intended use as a silencer.   This case is likely motivated by the defendant's history of mental

health issues.   He owned his residence in Alexandria, Virginia, and some neighbors described

him as pleasant during the execution of the federal warrants.   Yet inside his residence he had a

quick release firearm under a table next to his bed and a firearm with a silencer attached.   He

also possessed a number of imitation law enforcement badges.   He replaced counsel after

entering his guilty plea and has now been represented by three different attorneys.   It is the

government's belief that a rigorous intervention of mental health care to address the motivations

that brought the defendant to illegally acquire silencers is the most important aspect of this

Court's sentence.   Pure incarceration does not reach the motivation or perceived need for

silencers.   Accordingly, the government asks for a rigorous enforced mental health treatment

addressing the route problem.

## ARGUMENT

### I.      Applicable Sentencing Law

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory,

although sentencing courts "must consult those Guidelines and take them into account when

sentencing."   *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005).   "The

Guidelines require the district judge to give due consideration to the relevant sentencing range . .

. ."   *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion).   In "the

ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough

approximation of sentences that might achieve § 3553(a)'s objectives.'"   *Kimbrough v. United*

*States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338,

350, 127 S. Ct. 2456, 2465 (2007)).   Accordingly, a "district court shall first calculate (after

making the appropriate findings of fact) the range prescribed by the guidelines.   Then, the court

shall consider that range as well as other relevant factors set forth in the guidelines and those

factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence."   *United States v.*

*Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

2

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'"  *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011).   Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."   *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).   A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter."   *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant.   In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct."   18 U.S.C. § 3553(a)(2)(A) & (B).   The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.   18 U.S.C. § 3553(a)(6).

II.   <u>**A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**</u>

Section 3553(a) requires a sentencing court to consider the nature and circumstances of

the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to:   reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

_Nature and Circumstances of the Offense_:   Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable.

The defendant's conduct was serious.   He acquired silencers for reasons that are not at all apparent.   *United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").   In particular, there is a need to deter others from seeking to acquire illegal silencers for their firearms.   This is a serious crime and must be deterred.

_History and Characteristics of Defendant_:   The defendant has a criminal record and this is not his first contact with the justice system.

## **CONCLUSION**

Therefore, for the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to promote respect for the law and to protect the community from this type of dangerous crime and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).   We also ask for mental health care to treat the issues that brought the

defendant to smuggle these silencers into the United States.   The mental health care system is stretched due to recent events, but this defendant is in need of such treatment to resolve the underlying motivations for acquiring silencers from China.

Respectfully submitted,

Jessica D. Aber
United States Attorney


_____/s/_____
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3700
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of November, 2021, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to the following:

      John C. Kiyonaga, Esquire
      Counsel for the defendant


I further certify that I have sent the foregoing by email to the United States Probation

Office at Jennifer_Lyerly@vaep.uscourts.gov.


                                                    /s/

                              Ronald L. Walutes, Jr.
                              Assistant United States Attorney
                              Attorney for the United States of America
                              United States Attorney's Office
                              Justin W. Williams U.S. Attorney's Building
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Phone:   703-299-3700
                              Fax: 703-739-9556
                              Email Address: ron.walutes@usdoj.gov,